HENRY C. WISNER v. HORACE KLEINHANS ET AL.

*Will—Construction—Investment by executors in government bonds.*

Executors under a will bequeathing to them a sufficient amount of money to be by them invested in the best government bonds to the amount of $75,000 are required to invest in such bonds an amount sufficient to secure $75,000 principal.

Appeal from Wayne. (Look, J.) Argued January 20, 1888. Decided April 13, 1888.

Bill filed to construe a clause in a will. Defendant Speirs appeals. Decree below affirmed. The facts are stated in the opinion.

*Otto Kirchner,* for complainant.

*W. L. Carpenter* (*A. F. Wilcox,* of counsel), for defendant Roberts and the minor defendants.

*Moore & Moore,* for defendant Speirs.

SHERWOOD, C. J. Christopher R. Mabley, a resident of Detroit, died at his home in that city on the thirtieth of June, 1885, and left surviving him a widow and six children, four of whom are minors.

The deceased made a will in his life-time, and which has since his death been duly admitted to probate, in Wayne county.

The complainant, defendant Kleinhans, and the widow, Mrs. Speirs, are the executors and executrix of the will.

The will contains the following clauses:

"3. I give and bequeath to my daughter Kate the sum of $50,000 in money.

"4. I give and bequeath to my daughter May (Mrs. Granger) the sum of $40,000 in money.

"5. I give and bequeath to my daughter Maude the sum of $37,500 in money.

"6. I give and bequeath to my daughter Edah the sum of $37,500 in money.

"7. I give and bequeath to my daughter Birdie the sum of $37,500 in money.

"8. I give and bequeath to my son Ray the sum of $37,500 in money.

"9. I give and bequeath to my executors hereinafter named a sufficient sum of money in trust, to be by them, as soon as practicable, invested in the best government bonds to the amount of $75,000; one-third of which, $25,000 worth, shall at once be given to my said wife, to have and to hold for herself, her heirs and assigns, absolutely; the remaining $50,000 worth of said bonds to be held in trust by my said executors until my youngest child shall attain the age of 21 years; then said $50,000 in bonds, together with their accumulations, shall be equally divided among my four children, Maude, Edah, Birdie, and Ray, share and share alike. And in case either of said children shall die before such division, leaving children, the share of such deceased child shall go to his or her children; but in case of the death of either of said four children before such division, leaving no issue, then said $50,000 worth of bonds shall be equally divided among those surviving of the four, share and share alike."

"12. I hereby appoint my wife, Catherine Mabley, guardian of each of my minor children during the minority of each child ; and it is my wish that, as such guardian, she shall not be required to give bond or security for her performance of such trust. It is my wish, also, that all or any of my children so desiring shall at all times have a home with my said wife, and as long as they choose to remain. And the moneys paid from the incomes of the Detroit and Cincinnati houses as provided for in the preceding paragraph, upon the legacies to said children, except to my daughters Kate any May, and any child which has arrived at maturity, shall be paid my said wife as their guardian, to be used by her, in connection with her own means, in paying the expense of maintaining the household, and in supporting and educating such children in such manner as she shall determine best, with no obligation on her to at any time account therefor to any one.

"13. All the rest, residue, and remainder of my estate, of

every kind and nature, I give, bequeath, and devise to my said wife, and to her heirs and assigns forever."

The bill in this case is filed by the complainant, as one of the executors, to obtain a construction of the ninth clause of the will, that he may know how the investment in bonds must be made.

The complainant, and all of the defendants except Mrs. Speirs, contend that the proper construction of the paragraph referred to requires the purchase of bonds of the par value of $75,000.

Mrs. Speirs' contention is that bonds of the money value of $75,000 should be purchased, to comply with the intention of the testator; and it is claimed that the expressions "$25,000 worth" and "$50,000 worth" are inconsistent with the construction given by complainant.

All the facts in the case were agreed upon, and the hearing was had in the Wayne circuit before Judge Look, who held—

"That according to the true intent and the legal meaning and effect of the last will and testament of Christopher R. Mabley, deceased, the executors in the said will named, and in the bill of complaint mentioned, are required to purchase of the best government bonds of the par value of $75,000, and to take out of the moneys of the estate not otherwise disposed of in and by said will a sufficient sum of money to enable them to buy such bonds;"—

And entered a decree accordingly. Mrs. Speirs appealed. All the parties appeared in the case, and all the defendants answered.

The following are among the facts stipulated:

"1. That the deceased, Christopher R. Mabley, in his lifetime, gave no property to any of his children, except to his daughter Helena May Granger; and that he gave to her, shortly before the making of the will mentioned and referred to in complainant's bill, property amounting to about $10,000, being a house and lot, which she still owns.

"2. That at the time of the execution of said will the best government bonds were four per cent. bonds, in denominations of $100, $500, and $1,000 each, maturing in 1901, and

the same were in the market at a premium of twenty-five per cent., which has steadily advanced to twenty-nine and one-half per cent.,—their present rate."

Upon the question presented, we can be aided but little by adjudicated cases, and, assuming that the testator intended that all his children should share equally in his estate, the discrepancy is so small that, were the theory of either side to be adopted, it could hardly form a controlling element in the case. It would seem, if the testator desired only $75,000 invested in bonds, he would have said so in so many words. The amount he left to make the purchase was uncertain; and this must necessarily be so, if the premium was fluctuating, which was the fact. When the testator speaks of "a sufficient sum of money," etc., he must have meant the amount that would be required to purchase bonds of the face value of $75,000. We therefore think the proper construction of this clause of the will requires the executors to invest in government bonds an amount sufficient to secure $75,000 principal, and the circuit judge of the county of Wayne was right in so holding.

The decree will be affirmed, without costs to either party.

CHAMPLIN, MORSE, and LONG, JJ., concurred.